IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SCOTT GARRITY,

    Plaintiff,

v.

                                              CIVIL NO. JKB-21-1453

METROPOLITAN SECURITY
SERVICES, INC., D/B/A WALDEN
SECURITY INC.,

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

On December 13, 2021, the Court granted in part Defendant's Motion for Extension of Time to Serve Expert Disclosures. (ECF No. 35.) Discussing the circumstances that necessitated that Motion, the Court described Defendant's failure to meet deadlines as "plainly problematic" and noted that while "[m]istakes happen, [ ] Defendant is advised to ensure that they do not happen again." (*Id.* at 1, 3.) Unfortunately, given Plaintiff's filing of a presently pending Motion to Strike Experts (ECF No. 38), it appears that this advisement has gone unheeded. Plaintiff's Motion is ripe for disposition, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion shall be GRANTED in part.

### I. *Untimeliness of Complete Expert Disclosures*

This iteration of the parties' discovery dispute arises from whether Defendant has complied with the extended deadlines for expert disclosures. (*See* ECF No. 35.) The Court's previous Order set a deadline for Defendant's 26(a)(2) disclosures of January 7, 2022. (*Id.*) On that day, Defendant filed a three-page document titled "Defendant' [sic] Rule 26(a)(2) Disclosures." (ECF

1

No. 39-1.) It identified three experts and provided a few paragraphs for each, vaguely describing their qualifications and expected testimony. (*See id.*) Defendant also disclosed copies of each expert's CV. (*Id.*) Last, Defendant explained that each expert's "report including all requirements of Rule 26(a)(2)(B) . . . will be disclosed pursuant to the Scheduling Order Deadline of January 28, 2022." (*Id.*) A week later, Plaintiff filed the present Motion. (*See* ECF No. 38 (filed Jan. 14, 2022).)

Plaintiff argues that Defendant's January 7, 2022 disclosure fails to satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2). (ECF No. 38 at 2.) Under Rule 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Where a "witness is one retained or specially employed to provide expert testimony in the case," Rule 26(a)(2) imposes a further duty that "[u]nless otherwise stipulated or ordered by the court, *this disclosure must be accompanied by a written report.*" *Id.* at 26(a)(2)(B) (emphasis added). This written report must comply with further specifications outlined in Rules 26(a)(2)(i)–(vi).

Defendant's failure to provide *any* report by the January 7, 2022 deadline plainly fails to comply with this Court's prior discovery Order. (*See* ECF No. 35 at 3.) Indeed, in opposing Plaintiff's Motion, Defendant does not seriously attempt to justify its assertion in the January 7, 2022 disclosure that the Court's prior Order set a deadline of January 28, 2022 for Defendant's expert reports. (*See generally* ECF No. 39.) Rather, it merely suggests in a single sentence that "Rule 26(e)(2) allows for supplemental expert disclosures." (*Id.* at 2.) Even a brief review of the record and the Federal Rules of Civil Procedure shows that this position is frivolous.

While the Court's prior Order did set a deadline of January 28, 2022, that deadline was explicitly for "Rule 26(e)(2) supplementation of disclosures and responses." (ECF No. 35 at 3.)

2

This Rule does not provide litigants with the luxury to delay their Rule 26(a)(2) disclosure obligations but rather imposes the further obligation to "supplement or correct [those disclosures] ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect ... or as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A), (B); *see also EEOC v. Freeman*, 961 F. Supp. 2d 783, 797 (D. Md. 2013) (quoting *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)) ("Supplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure."). Although Defendant did produce the relevant expert reports by January 28, those reports were untimely. (*See* ECF Nos. 39-2, 39-3.)[1]

## II. *Remedy*

The remedy for a failure to disclose is governed by Federal Rule of Civil Procedure 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (3), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In determining whether a failure to disclose is substantially justified or harmless, "a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (quoting *S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596–97 (4th Cir. 2003)). Defendant argues that the first four

---

[1] Defendant only filed two expert reports, and appears to have disclaimed the third expert that it had originally disclosed on January 7, 2022. (*See* ECF No. 39-4.)

3

factors weigh against exclusion and in favor of a finding of harmlessness.[2] (*See* ECF No. 39 at 3-5.) While Plaintiff does not provide analysis of these factors, his briefing suggests two things. First, that Defendant's untimely disclosure has prejudiced his ability to effectively consider rebuttal witnesses to address Defendant's experts. (*See* ECF No. 42 at 1.) But second, that any prejudice can be resolved through the less drastic remedy of extending Plaintiff's deadline for his rebuttal 26(a)(2) disclosures. (*See* ECF Nos. 38 at 3 n.1, 42 at 2.)

Because the Court believes that this more limited remedy would render Defendant's untimely Rule 26(a)(2) disclosures "harmless," it will not exclude Defendant's expert witnesses at this time. *See* Fed. R. Civ. P. 37(c)(1) (requiring exclusion for failure to disclose unless "the failure was substantially justified or is harmless"); *see also Khosmukhamedov v. Potomac Elec. Power Co.*, Civ. No. AW-11-0449, 2012 WL 1670152, at *3 (D. Md. May 11, 2012) (concluding that exclusion was unwarranted where "Plaintiffs can cure their failure" to disclose before the discovery deadline).

Frustratingly, the precise deadline that would remedy this issue is not clear, as Plaintiff avers that Defendant has *still* failed to fully comply with Rule 26(a)(2). (*See* ECF No. 42 at 1–2.) Thus, rather than request a date certain, Plaintiff asks for a deadline "at least two weeks after the defendant's full compliance with the dictates of Rule 26(a)(2)." (ECF No. 38 at 3 n.1.) Accordingly, the Parties should meet and confer regarding these outstanding issues and be prepared to advise the Court forthwith on precise scheduling modifications consistent with this Order.

---

[2] Although Defendant technically argues that "[a]ll of these factors weigh against striking Defendant's experts" it omits analysis of the fifth factor, i.e. "the non-disclosing party's explanation for its failure to disclose the evidence." (*See* ECF No. 39 at 3); *see also S. States*, 318 F.3d at 597. Given the Court's conclusions in Part I, it is hard to see how this final factor would favor Defendant.

The Court notes that it has now twice[3] limited the relief it has provided Plaintiff to only those remedies necessary to cure the discrete prejudice caused by Defendant's discovery errors, rather than more drastic remedies that would foreclose Defendant's further use of experts in this matter. However, should additional errors arise in this matter, the Court will also factor the collective prejudice to Plaintiff caused by these repeated delays when considering appropriate relief.

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's Motion to Strike Defendant's Experts (ECF No. 38) is GRANTED in part;
2. The Parties SHALL meet and confer regarding Defendant's present compliance with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2);
3. Defendant SHALL make any outstanding disclosures on or before February 4, 2022; and
4. Plaintiff SHALL file a motion requesting any modifications to the present discovery deadlines necessary to avoid prejudice from Defendant's untimely Rule 26(a)(2) disclosures on or before February 7, 2022.

DATED this 31 day of January, 2022.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge

---

[3] Although the first discovery dispute arose from Defendant's Motion for an Extension of Time, Plaintiff suggested in response that the appropriate remedy for Defendant's missed deadline was exclusion of all of Defendant's experts. (ECF Nos. 29, 30.) There, as here, the Court declined this more severe remedy. (*See* ECF No. 35.)